**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| LAMONTE CULP,<br><br>Plaintiff,<br><br>v.<br><br>UPGRADE, INC.;<br>and CBW BANK;<br><br>Defendants. | Case No.: 0:26-cv-3642-SAL |

# COMPLAINT

**(Jury Trial Demanded)**

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Rock Hill, South Carolina.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Upgrade, Inc. is a furnisher of consumer credit information to consumer reporting agencies.

7. Upgrade, Inc. is a "person" as that term is defined by 15 U.S.C. § 1681a(b) and a furnisher of information subject to the duties imposed by 15 U.S.C. § 1681s-2.

8. Defendant CBW Bank is a furnisher of consumer credit information to consumer reporting agencies.

9. CBW Bank is a "person" as that term is defined by 15 U.S.C. § 1681a(b) and a furnisher of information subject to the duties imposed by 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff has one account with Upgrade, Inc., account ending 8181. Plaintiff's TransUnion credit report shows this same account reported twice — once by Upgrade, Inc. (Account ending 8181) and once by CBW Bank (Account ending 8083) — inflating Plaintiff's reported liability.

11. CBW Bank is the originating bank for Upgrade, Inc. loans. Both entities report the same underlying account: an installment loan opened on or about June 28, 2022, with a 6-month term, a last payment date of July 28, 2022, and a charged-off balance of $1,080.

12. The Upgrade, Inc. tradeline (Account ending 8181) and the CBW Bank tradeline (Account ending 8083) share the same open date, the same last

payment date, the same term length, the same balance, and the same account type. They are the same account.

13. Both tradelines report as derogatory with a charged-off balance of $1,080, causing Plaintiff's TransUnion credit report to reflect $2,160 in delinquent debt from a single $1,080 obligation.

14. In or around February 2026, Plaintiff checked his credit reports and noticed that both Upgrade, Inc. and CBW Bank were reporting the same account as separate tradelines on his TransUnion credit report.

15. The duplicate reporting of the same account inflates Plaintiff's total delinquent debt, distorts his debt-to-income ratio, and depresses his credit scores. Plaintiff's TransUnion credit score was 474 on February 6, 2026, and 545 on April 13, 2026.

16. TransUnion published the false information regarding the account to third parties, including creditors who obtained Plaintiff's consumer report.

17. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm.

**Written Dispute**

18. On or about February 16, 2026, Plaintiff sent a written letter to TransUnion disputing the inaccurate information regarding the duplicate account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

19. Plaintiff's dispute identified both the Upgrade, Inc. account (ending 8181) and the CBW Bank account (ending 8083) and explained that they were duplicate entries for the same debt.

20. TransUnion forwarded Plaintiff's dispute to Upgrade, Inc. and CBW Bank for reinvestigation.

21. Upgrade, Inc. received notification of Plaintiff's dispute from TransUnion.

22. CBW Bank received notification of Plaintiff's dispute from TransUnion.

23. Upgrade, Inc. failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

24. CBW Bank failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Upgrade, Inc. failed to instruct TransUnion to correct the false information reporting on Plaintiff's consumer report.

26. CBW Bank failed to instruct TransUnion to correct the false information reporting on Plaintiff's consumer report.

27. TransUnion's reinvestigation result for the CBW Bank tradeline stated: "Dispute resolved; customer disagrees."

28. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

29. As of April 13, 2026, both the Upgrade, Inc. tradeline and the CBW Bank tradeline continue to appear on Plaintiff's TransUnion credit report with identical $1,080 charged-off balances.

## COUNT I – UPGRADE, INC.

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681S-2(B))

30. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

31. After receiving Plaintiff's dispute, Upgrade, Inc. failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

32. Upgrade, Inc. violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

33. As a result of this conduct, action, and inaction of Upgrade, Inc., Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. Upgrade, Inc.'s conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, Upgrade, Inc. was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from Upgrade, Inc. pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT II – CBW BANK**

**(FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681S-2(B))**

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving Plaintiff's dispute, CBW Bank failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

39. CBW Bank violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

40. As a result of this conduct, action, and inaction of CBW Bank, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. CBW Bank's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, CBW Bank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from CBW Bank pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

a. Trial by jury.

b. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

c. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

d. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

e. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: August 24, 2026

BURNS AND BURNS LAW FIRM

*s/ J. Tyler Burns*
J. Tyler Burns
Federal Bar No. 11065
116 E. Main Street, Suite 201
Rock Hill, SC 29730
(803) 319-2056
Attorney for Plaintiff